# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00533-CR

**Edwardo Sanchez, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
## NO. CR2009-139, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Edwardo Sanchez of the offense of murder. *See* Tex. Penal Code Ann. § 19.02 (West 2003). Punishment was assessed at fifty years' imprisonment.

The jury heard evidence that, on the night of March 23, 2008, Sanchez fatally stabbed the victim, Fernando Ortegon, with a knife. Ortegon was the brother of Sanchez's girlfriend, Oralia Alvarado. Alvarado testified that she, Ortegon, and Sanchez had spent the day at her house in New Braunfels barbecuing and drinking beer. Later that night, they were joined by Alvarado's friend, Maria Mendoza. According to Alvarado, as the night went on and they continued to drink, Sanchez "kept saying that he was leaving." Alvarado recalled that she eventually "got mad" at Sanchez and "told him to leave and don't come back." In response, Alvarado testified, Sanchez "said that he was going to come back and get me and my brother." Alvarado understood Sanchez's statement to be a threat. Sanchez then left the residence.

Around midnight, shortly after Sanchez had departed, Alvarado noticed that her purse "was all messed up" and that money and other items from her purse were missing. Suspecting that Sanchez was responsible, Alvarado decided to leave the residence and find him. Ortegon and Mendoza accompanied her as she drove to a location where they believed Sanchez had been going.

Alvarado testified that they found Sanchez standing outside "some trailer park" behind a fast-food restaurant. Alvarado then got out of the car and confronted Sanchez, asking him to return "what he took from me." According to Alvarado, Sanchez responded by pushing her. At that point, Alvarado recalled, Ortegon got out of the car to defend her; Sanchez ran toward him with something in his hand. At trial, Alvarado could not remember what Sanchez had in his hand, but she acknowledged that she had told police officers that Sanchez had been holding a knife. Alvarado testified that Ortegon attempted to back away from Sanchez but that Sanchez kept coming toward Ortegon. Alvarado could not see what happened next, but she testified that she saw Ortegon fall to the ground and heard Mendoza tell her "that Edwardo had stabbed my brother and my brother was bleeding." Sanchez then ran away. Alvarado chased after him, but she eventually returned to her brother and found him dead on the ground.

Mendoza also testified at trial. Her testimony about the events that night was largely consistent with Alvarado's testimony, although Mendoza testified that she saw what she thought at the time was Sanchez "hitting" Ortegon in the chest and Ortegon then falling to the ground. As Alvarado pursued Sanchez, Mendoza got out of the car to try to help Ortegon. Noticing "a lot of blood" coming from what appeared to be a large wound on his chest, Mendoza called 911. However, as she was making the call, Ortegon "passed away, real quickly."

2

Sanchez's theory at trial was that he acted in self-defense. Sanchez testified that, when Ortegon got out of the car, he started yelling at Sanchez to give Alvarado her money back. Then, Sanchez claimed, Ortegon "took a step forward, and then he got [in] a stance like he was going to fight." Claiming that he was "afraid" of Ortegon, Sanchez testified that he took out his knife in response to Ortegon's actions. According to Sanchez, Ortegon continued yelling and getting closer to him. Eventually, Sanchez testified, the two of them began fighting. At some point during the altercation, Sanchez recalled, he decided to run away. He looked back and "saw that [Ortegon] was bleeding." Sanchez testified that he did not "even remember when the knife went in," and he "never felt like [he was] stabbing him. I just looked back and I saw him bleeding there." Sanchez added, "My intention was not even to stab him. My intention was for him to leave and leave me alone." Both Alvarado and Mendoza denied during their testimony that Ortegon had acted aggressively toward Sanchez or had threatened him in any manner.

The jury was instructed on the law of self-defense and on the lesser-included offense of manslaughter. The jury found the defendant guilty of murder as charged in the indictment. Following a punishment hearing before the district court, Sanchez was sentenced to fifty years' imprisonment. This appeal followed.

Sanchez's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*,

516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Sanchez received a copy of counsel's brief and was advised of his right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

We have reviewed the record and counsel's brief and agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed:   March 17, 2010

Do Not Publish

4